```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                         Case No. 20-02472-HWV
Marina Eleni Sarantos                                          Chapter 13
Steven Maier
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1          User: AutoDocke          Page 1 of 2          Date Rcvd: Sep 17, 2020
                              Form ID: pdf002          Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 19, 2020.
```
db/jdb         +Marina Eleni Sarantos,   Steven Maier,   745 East Tolna Road,   Shrewsbury, PA 17361-2400
5352619         American Home Shield,   Search Results 3574 Lincoln Hwy E,   Kinzers, PA 17535
5352620       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,   Po Box 982238,   El Paso, TX 79998)
5355388        +Bank of America, N.A.,   P O Box 982284,   El Paso, TX 79998-2284
5352625        +Gabriella Kistner,   508 Sunbrook Road,   Reisterstown, MD 21136-6110
5352626        +Mariner Finance,   8211 Town Center Dr,   Nottingham, MD 21236-5904
5353729        +Mariner Finance, LLC,   Attn: Bankruptcy,   8211 Town Center Drive,   Nottingham, MD 21236-5904
5352627         MaxLend,   217 3rd Ave NE,   Parshall, ND 58770
5352629        +New Res Shellpoint Mtg,   75 Beattie Pl Ste 300,   Greenville, SC 29601-2138
5352630        +St Of Md Ccu,   300 W Preston St,   Baltimore, MD 21201-2308
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5353341         E-mail/Text: ally@ebn.phinsolutions.com Sep 17 2020 19:47:35     Ally Bank,   PO Box 130424,
                 Roseville MN 55113-0004
5352618        +E-mail/Text: ally@ebn.phinsolutions.com Sep 17 2020 19:47:35     Ally Financial,
                 1185 6th Ave,,   New York, NY 10036-2601
5352617        +E-mail/Text: ally@ebn.phinsolutions.com Sep 17 2020 19:47:35     Ally Financial,
                 200 Renaissance Ctr # B0,   Detroit, MI 48243-1300
5352621        +E-mail/Text: legal@castlecredit.com Sep 17 2020 19:48:05     Castle Credit Co Holdi,
                 8430 W Bryn Mawr Ave Ste,   Chicago, IL 60631-3475
5355271        +E-mail/Text: legal@castlecredit.com Sep 17 2020 19:48:05     Castle Credit Co Holdings, LLC,
                 20 North Wacker Drive, Suite 2275,   Chicago, Illinois 60606-3096
5352622        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 17 2020 19:47:48     Comenitybank/Victoria,
                 Po Box 182789,   Columbus, OH 43218-2789
5352623        +E-mail/Text: Bankruptcymail@marylandtaxes.gov Sep 17 2020 19:47:35     Comptroller of Maryland,
                 301 W Preston Street Room 206,   Baltimore, MD 21201-2326
5352624        +E-mail/PDF: creditonebknotifications@resurgent.com Sep 17 2020 19:53:46     Credit One Bank Na,
                 Po Box 98875,   Las Vegas, NV 89193-8875
5352628        +E-mail/PDF: MerrickBKNotifications@Resurgent.com Sep 17 2020 19:53:44     Merrick Bank Corp,
                 Po Box 9201,   Old Bethpage, NY 11804-9001
5358094         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 17 2020 19:47:51
                 Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                            TOTAL: 10
```

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 19, 2020                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 17, 2020 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Warmbrodt    on behalf of Creditor   NewRez LLC d/b/a Shellpoint Mortgage Servicing
               bkgroup@kmllawgroup.com
              Patrick James Best    on behalf of Debtor 1 Marina Eleni Sarantos patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
              Patrick James Best    on behalf of Debtor 2 Steven  Maier patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                                                        TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Marina Sarantos**
**Steven Maier**

Debtor(s)

CHAPTER: 13

CASE NO. 20-2472-HWV

☐ ORIGINAL PLAN
1st AMENDED PLAN (indicate #)
**0** Number of Motions to Avoid Liens
**0** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>**Plan Payments From Future Income**</u>
    1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 60,346.80 plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | Month 1 (9/2020) | Month 60 (8/2025) | $1,005.78 | $0.00 | $1,005.78 | $60,346.80 |
    | | | | | Total Payments: | $60,346.80 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
        ☑ Debtor is at or under median income.

    B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

    1. The Debtor estimates that the liquidation value of this estate is $ 24,951.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    *Check one of the following two lines:*
    ☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2

Rev 12/01/19

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check One:*

   ☑ None.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

   ☐ None.
   *If this is checked, the rest of § 2.B need not be completed or reproduced.*

   ☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

   | Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
   |---|---|---|
   | New Res Shellpoint Mortgage | Residential Dwelling | 3351 |
   | Ally Financial | 2015 Chevy | 6990 |

   C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

   ☐ None.
   *If this is checked, the rest of § 2.C need not be completed or reproduced.*

   ☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

   | Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
   |---|---|---|---|---|
   | Shellpoint Mortgage | Residential Dwelling | $20,000.00 | $0.00 | $20,000.00 |

3

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☐ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Ally Financial | 2018 Mazda CX-3 | $24,391.00 | 5% | $25,610.55 |
|  | , |  |  |  |
|  |  |  |  |  |

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

**F. Surrender of Collateral.** *Check One:*

4

Rev 12/01/19

    ☑ None.

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

    ☑ None.

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 1,250.00 already paid by the Debtor, the amount of $ 2,750.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      ☑ None.

  B. **Priority Claims (including certain Domestic Support Obligations).**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Comptroller of Maryland | $500.00 |

  *C.* **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*

5

Rev 12/01/19

☑ None.

4. **UNSECURED CLAIMS.**

    A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one:*

    ☑ None.

    B. <u>**Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☒ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

    Level 1: Adequate protection payments.
    Level 2: Debtor's attorney's fees.
    Level 3: Domestic Support Obligations.
    Level 4: Priority claims, pro rata.
    Level 5: Secured claims, pro rata.
    Level 6: Specially classified unsecured claims.

Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

### 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Enter text here

Dated: August 19, 2020  /s/ Patrick J Best, Esq
Attorney for Debtor

/s/ Marian Sarantos
Debtor

/s/ Steven Maier
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7